**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 22-67-DLB-EBA**

**HAY MINERAL RESOURCES, LLC**                                    **PLAINTIFF**


**v.**                                 <u>**MEMORANDUM ORDER**</u>


**AHMAD ATWAN**                                                   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. # 6). The motion has been fully briefed (Docs. # 9 and 10) and is accordingly ripe for the Court's review. The Court has reviewed the motion and associated filings, and for the reasons stated herein, Defendant's Motion to Dismiss is **granted**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Hay Mineral Resources, LLC ("HMR") is a limited liability company with its principal place of business in Ashland, Kentucky. (Doc. # 1-1 ¶ 1). Its principal, Monte Hay ("Hay"), is a certified geologist with significant experience in the oil and gas industry. (*Id.* ¶¶ 6–7). In 2016, Defendant Ahmad Atwan ("Atwan"), a Texas resident, and Chad Brown ("Brown") approached Hay on behalf of Enrique Razon ("Razon") to broker Razon's acquisition of mineral assets via his company, Collingwood USA, Inc. ("Collingwood"). (*Id.* ¶¶ 2, 5, 16, 18–20).

Atwan, who was a Vice President at Morgan Stanley & Co., LLC ("Morgan Stanley"), told HMR that he had a waiver from Morgan Stanley to broker deals on his own behalf in the oil and gas industry. (*Id.* ¶¶ 17, 19). Atwan proposed an agreement under

1

which Hay would locate and acquire properties with Razon's funds. (*Id.* ¶ 20). Hay formed HMR for that purpose and, in August 2016, HMR entered into such an agreement with Collingwood (the "Participation Agreement"). (*Id.* ¶ 28, Doc. # 6-2).

Atwan told HMR that he and Razon agreed that he would receive his fee, a percentage of the value of each property, from HMR at the time of each acquisition. (Doc. # 1-1 ¶ 22). However, HMR now claims that Atwan did not actually disclose this fee arrangement to Razon. (*Id.* ¶ 23). Atwan also had a separate agreement with Razon, which HMR alleges Atwan did not disclose to it, pursuant to which Razon paid Atwan's brokerage fee and Atwan was Razon's exclusive agent. (*Id.* ¶¶ 23, 30).

After the execution of the Participation Agreement, HMR alleges that Atwan told it that, regardless of the language in the contract, Razon intended for HMR to calculate the acquisition costs as a set fee of $250 per acre, which included a $125 per acre broker fee to be paid to Atwan. (*Id.* ¶¶ 31–32). HMR paid Atwan's fees for each acquisition to his company, LBD Minerals, LLC. (*Id.* ¶ 38).

In 2019, Collingwood filed suit in Texas state court (the "Texas Litigation") against Atwan, HMR, Brown, and other entities, alleging that it did not agree to the flat $250 per acre fee and that it was not aware that Atwan was being paid out of the acquisition costs for each sale. (*Id.* ¶¶ 39, 41, Docs. # 9-1 at 2 and 9-2 at 2). Subsequently, Atwan and Collingwood reached a settlement agreement regarding the claims it brought against him. (Docs. # 6-1 ¶ 14 and 9 at 5). Collingwood's Sixth Amended Petition in the Texas Litigation includes claims against HMR for breach of contract, tortious interference with contract, fraud, fraud in a real estate transaction, negligent misrepresentation, breach of

2

the duty of good faith and fair dealing, aiding and abetting a breach of fiduciary duty, and conspiracy. (Doc. # 6-1 ¶¶ 72–74, 82–122, 125–129).

On June 15, 2022, HMR filed the instant case in the Boyd Circuit Court, claiming fraud and fraudulent concealment against Atwan. (Doc. # 1-1 ¶¶ 40–52). On August 18, 2022, Atwan filed a motion to dismiss in that court. (*Id.* at 12–14). Six days later, HMR filed its response. (*Id.* at 94–103). The following day, August 25, 2022, Atwan removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C § 1332. (Doc. # 1 ¶ 4). On October 4, 2022, Atwan filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 6 at 1).

## II.   ANALYSIS

### A.   Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the Sixth Circuit, filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is also a permissible method of enforcing a forum selection clause. *Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 326 (6th Cir. 2019) (citing *Langley v. Prudential Mortg. Cap. Co., LLC*, 546 F.3d 365, 366 (6th Cir. 2008) (per curiam); *Milan Exp. Co., Inc. v. Applied Underwriters Captive Risk Assur. Co., Inc.*, 590 F. App'x 482, 483–86 (6th Cir. 2014)).

**B.      Matters Outside the Pleadings**

As an initial matter, the Court notes that it may properly consider the documents in the record of the Texas Litigation and the Participation Agreement between Collingwood and HMR.  Generally, when considering a Rule 12(b)(6) motion, courts may consider the allegations in the complaint, matters of public record, and exhibits attached to the complaint.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  Courts may also consider documents that a defendant attaches to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the claims therein.  *Id.* (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).  If a court considers other material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.  *Spencer v. Grand River Nav. Co.*, 644 F. App'x 559, 561–62 (6th Cir. 2016) (internal citations omitted).

Here, the parties do not dispute that the petitions in the Texas Litigation are matters of public record.  They are also referred to in HMR's Complaint and central to its claims, which allege damages including the costs of its defense in the Texas Litigation.  (*See* Doc. # 1-1 ¶¶ 42, 45, 52).  Similarly, HMR also referred to the Participation Agreement, which was attached to Atwan's Motion to Dismiss, in its Complaint.  (*Id.* ¶¶ 5, 24–28, 31).  The Participation Agreement, too, is central to HMR's claims, which focus on the alleged misrepresentations Atwan made and the facts he failed to disclose in the course of negotiating that agreement and requesting payments from HMR pursuant to it.  (*See id.* ¶¶ 41, 43, 47–51).

4

Accordingly, the Court may consider the petitions filed in the Texas Litigation and the Participation Agreement without converting Atwan's Motion to Dismiss into a motion for summary judgment.

### C.      State Court Motion to Dismiss

HMR argues that, as a threshold matter, the Court should strike Atwan's Motion to Dismiss as untimely and unauthorized in light of the fact that he had already filed a motion to dismiss in state court, which HMR then responded to, before removing the case.  (Doc. # 9 at 6–7).   In support of its argument, HMR cites *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423 (1974).  (*Id.* at 6).  Although the Supreme Court held in that case that, "[a]fter removal, the federal court takes the case up where the State court left it off," its opinion focused on the idea that orders obtained in state court should have full force and effect in federal court in order to promote judicial economy.  *Granny Goose*, 415 U.S. at 435–36 (internal quotation marks and citation omitted).  But in the instant case, no relevant order has been obtained from the Boyd Circuit Court because it is undisputed that the state court had not adjudicated Atwan's original motion to dismiss prior to removal.

Similarly, HMR's reliance on *Eder v. West Chester Medical Center*, No.13-204-DLB-CJS, 2014 WL 12605379 (E.D. Ky. Sept. 15, 2014), is also misplaced.  (*See* Doc. # 9 at 6).  In that case, the court held that where a motion for joinder had been filed in state court prior to removal but had not been ruled upon by the state court or opposed by the defendant, it could be granted in federal court as unopposed.  *Eder*, 2014 WL 12605379, at *6.  In this case, Atwan filed separate motions to dismiss in both the state and federal courts and HMR filed responses in opposition to both.  (*See* Docs. # 1-1 at 94–103 and

5

9).  HMR has not cited any authority for the proposition that a defendant may not file a second motion to dismiss upon removing a case to federal court before receiving a ruling on a previous motion filed in state court.

HMR also points to the fact that Atwan filed his Motion to Dismiss in this Court thirty-nine days after removing the case, which is well outside the time limit set out by Federal Rule of Civil Procedure 81(c)(2).  (*See* Doc. # 9 at 7).  Indeed, because Atwan concedes that he received a copy of the Complaint and summons on July 29, 2022, (Doc. # 1 ¶ 3), and it is undisputed that he had not filed an answer before removal, he only had seven days after filing the Notice of Removal to present defenses and objections in this Court.  *See* Fed. R. Civ. P. 81(c)(2).

However, Federal Rule of Civil Procedure 81 does not provide a mechanism for striking motions that fail to comply with its deadlines and HMR has not cited any authority under which the Court may strike Atwan's Motion to Dismiss.  Although Federal Rule of Civil Procedure 12(f) contemplates that a court may strike material "from a pleading," courts have recognized that motions and memoranda are not "pleadings" pursuant to that Rule.  *See Int'l Coal Grp., LLC v. Massey Coal Sales Co., Inc.*, No. 0:05-CV-223-HRW, 2006 WL 8445431, at *1 (E.D. Ky. Apr. 17, 2006) (collecting cases); *Nokes v. Miami Univ.*, No. 1:17-CV-482, 2017 WL 3674910, at *8 (S.D. Ohio Aug. 25, 2017) (collecting cases).

The Sixth Circuit has held that a district court has broad discretion to manage its docket and may use that discretion to strike late-filed motions.  *Am. C.L. Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010).  In the instant matter, the Court declines to exercise its discretion to strike Atwan's Motion to Dismiss.  Although its filing was certainly delayed, "[d]elay alone is not a sufficient basis for establishing prejudice."

6

*Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (internal quotation marks and citation omitted). While the current Motion to Dismiss does raise additional arguments, including replies to the arguments in HMR's state court response, HMR does not dispute that it received the opportunity to address each of those arguments in the responsive brief it filed in this Court. (*See* Doc. # 9). At this early stage of litigation, HMR has not pointed to any unfairness that would result from the Court's consideration of Atwan's Motion to Dismiss. Further, as discussed below, the arguments it contains are meritorious. *See Vinyl Kraft Acquisition, LLC v. RHI, Inc.*, No. 1:22-CV-271, 2022 WL 18563670, at *1–3 (S.D. Ohio Aug. 15, 2022) (declining to strike a late-filed motion to dismiss under Rule 81(c)(2) because considering it would not prejudice the plaintiff and the motion established potentially meritorious defenses).

Accordingly, the Court will proceed to address the merits of Atwan's Motion to Dismiss.

### D.    Forum Selection Clause

In a diversity case such as this one, the enforceability of a forum selection clause is governed by federal law. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Atwan argues that this case should be dismissed because the Participation Agreement between Collingwood and HMR contains a mandatory forum selection clause requiring "[a]ll proceedings arising out of or related to th[e] Agreement" to be filed in either state court in Dallas County, Texas or the United States District Court for the Northern District of Texas. (Docs. # 6 at 12 and 6-2 at 9–10). Although HMR correctly points out that Atwan did not sign the Participation Agreement (Doc. # 9 at 18), that is not dispositive under Sixth Circuit law.

7

The Sixth Circuit has held that both parties and non-parties to a contract "should benefit from and be subject to forum selection clauses where the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants." *Wilson*, 776 F. App'x at 329 (internal quotation marks and citation omitted). The test is whether it is "foreseeable" that the non-signatory would be bound by the forum selection clause. *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997) (internal citations omitted).

Here, taking the allegations in HMR's Complaint as true, Atwan's conduct is closely related to the Participation Agreement. HMR claims that Atwan failed to disclose material facts regarding his relationship with Razon during negotiation of the Participation Agreement and misrepresented Razon's intent regarding payments and the calculation of fees pursuant to it. (Doc. # 1-1 ¶¶ 41, 43, 47, 51). Further, HMR alleges that these omissions and misrepresentations were intended to and did induce it to fail to make certain inquiries in the course of negotiating the Participation Agreement and to make payments to Atwan under it. (*Id.* ¶¶ 43, 48, 50–51).

Other courts in the Sixth Circuit have held that it is foreseeable that a non-signatory would be bound by a forum selection clause where that non-signatory was in an agency relationship with a signatory similar to Atwan's alleged relationship with Razon and his company, Collingwood, particularly where that agent assisted in the negotiation or performance of the contract. *See, e.g.*, *Smith v. Swaffer*, 566 F. Supp. 3d 791, 800 (N.D. Ohio 2021) (finding it "reasonably foreseeable" that an officer of a signatory with whom plaintiffs had dealings would seek to enforce a forum selection clause); *Caldwell Tanks, Inc. v. Alelco, Inc.*, No. 3:19-CV-927-BJB, 2022 WL 2833990, at *3 (W.D. Ky. July 20,

2022) (holding that it was foreseeable that shareholders would be bound by a forum selection clause in a company's contract where they took an active role in the negotiation and performance of the contract); *Linz v. Core Values Roadside Serv., LLC*, No. 1:19-CV-529 (WOB), 2020 WL 1291639, at *3 (S.D. Ohio Mar. 18, 2020) (finding that it was reasonably foreseeable that a plaintiff could be bound by a forum selection clause where she helped a signatory fulfill his obligations under the agreement even if she was not actually his agent).[1]  Accordingly, the Court concludes that Atwan can enforce the forum selection clause.

Further, the Court finds that the forum selection clause in the Participation Agreement encompasses HMR's fraud claims.  Courts in the Sixth Circuit and outside the Sixth Circuit interpret "related to" language in a forum selection clause as covering tort claims related to a contract's purpose.  *Lorenzana v. 2nd Story Software, Inc.*, No. 4:12-CV-00021-JHM, 2012 WL 2838645, at *6 (W.D. Ky. July 10, 2012) (collecting cases).  HMR's claims in this matter, including the misrepresentations it allegedly relied on in entering into and making payments under the Participation Agreement, relate to its purpose.

Further, courts have also specifically held that "related to" language in a forum selection clause encompasses fraud claims.  *See, e.g.*, *id.* at *1, *6 (finding that a fraud claim was within the scope of a forum selection clause); *Wireless Props., LLC v. Crown Castle Int'l Corp.*, No. 1:10-CV-269, 2011 WL 3420734, at *1, *6 (E.D. Tenn. Aug. 4, 2011)

---

[1]     HMR acknowledges that "Atwan is alleged to have served as Collingwood's agent," but argues that, because Collingwood did not serve as Atwan's agent, he cannot benefit from a forum selection clause in an agreement it signed.  (Doc. # 9 at 18 n.6).  However, the cases discussed above hold that it is nonetheless "foreseeable" that a non-party who served as the agent of a party would be bound by a forum selection clause, even if they did not necessarily share a commonality of interests.

(finding that a forum selection clause encompassed fraud and negligent misrepresentation claims); *Hasler Aviation, LLC v. Aircenter, Inc.*, No. 1:06-CV-180, 2007 WL 2463283, at *1, *5 (E.D. Tenn. Aug. 27, 2007) (finding that a forum selection clause covered claims for fraud and negligent misrepresentation).

"A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The party opposing enforcement of the forum selection clause bears the burden of showing that it should not be enforced for one of three reasons: (1) it was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; or (3) the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Id.* (internal citations omitted).

HMR's "[g]eneral claims of fraud do not suffice to invalidate the forum selection clause." *See id.* (internal quotation marks and citation omitted); *see also Moses v. Bus. Card. Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991) (internal citation omitted) (holding that the alleged fraud or misrepresentation must have induced the party opposing the forum selection clause to agree to include that clause in the contract and that a general claim of fraud as to the entire contract would not affect the validity of a forum selection clause). Similarly, HMR has not attempted to argue that the Texas courts would ineffectively or unfairly handle its claims.

Although HMR argues that it would be burdensome for it to litigate in Texas because at least two of its witnesses and certain evidence are located in Kentucky (Doc. # 9 at 20), this is an insufficient reason to set aside a forum selection clause. The Sixth

10

Circuit has explicitly held that, even though enforcing a forum selection clause would require the plaintiff rather than the defendant to bear the expense of travel, that "is not a reason for declaring such clauses invalid," particularly where witness testimony could be presented by deposition.  *Moses*, 929 F.2d at 1138–39.  In order to set aside a forum selection clause under the third prong enumerated above, there must be a finding of "more than mere inconvenience of the party seeking to avoid the clause."  *Wong*, 589 F.3d at 829 (citing *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 722–23 (6th Cir. 2006)).

The Sixth Circuit has held that "enforcement of a forum selection clause would not be unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated."  *Id.* (citing *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994)).  HMR has failed to carry its burden to show that enforcing the forum selection clause would be unjust or unreasonable, particularly because HMR is a sophisticated business entity and because it is already embroiled in litigation in Dallas County, Texas pursuant to the same forum selection clause.

Thus, the Court finds that the forum selection clause in the Participation Agreement governs this case.

### E.      Defendant's Other Arguments

Given that the forum selection clause dictates the outcome of Atwan's Motion to Dismiss, the Court need not address the parties' remaining arguments.

III.     **CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1)     Defendant's Motion to Dismiss (Doc. # 6) is **GRANTED**;

(2)     Plaintiff's claims in this action are **DISMISSED WITHOUT PREJUDICE**; and

(3)     This matter is **STRICKEN** from the Court's active docket.

This 12th day of July, 2023.

Signed By:

*David L. Bunning*

United States District Judge

L:\DATA\ORDERS\Ashland Civil\2022\22-67 Order re MTD.docx